384 A.2d 1357

**Alverda M. GARY and Charles W. Gary**

v.

**Clay Irvin MANKAMYER a/k/a Irvin Clay Mankamyer, and Mary Alice Jackson a/k/a Mary Alice Jackson Mankamyer.**

**Appeal of Clay Irvin MANKAMYER a/k/a Irvin Clay Mankamyer.**

Superior Court of Pennsylvania.

Submitted Nov. 8, 1976.

Decided April 13, 1978.

James B. Yelovich, Somerset, for appellant.

Nathaniel A. Barbera and Barbera & Barbera, Somerset, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

This is an action of trespass arising from an automobile accident in which Alverda M. Gary, one of the Plaintiffs was awarded a verdict in the amount of $59,800.00, on which

judgment was entered, against Clay Irvin Mankamyer, one of the defendants, who has filed this appeal. The other Plaintiff died before trial and the other defendant was exonerated by the jury.

No question is raised as to liability. Appellant questions only the damages, contending that (1) There was insufficient evidence of total impairment of earning capacity to submit the issue to the jury, and (2) assuming a permanent *partial* impairment of earning capacity the court erred in allowing actuarial testimony predicated on the premise that Plaintiff sustained a total impairment of earning capacity.

Until completion of the Court's charge to the jury there had been no mention of total impairment of earning capacity. It had been limited to partial impairment. Following the charge Plaintiff moved to amend her complaint to include total impairment of earning capacity over the objection of the defendant, and the amendment was allowed. A reading of the charge shows that the jury was permitted to consider total impairment of earning capacity. The judge said, "If you find, for example, that the Plaintiff has a complete loss of earning capacity, you would use the number of years remaining until the date you find she would have ceased to earn money, but for this accident."

It must be accepted as an established fact that appellee sustained a permanent injury to her back which limited her activities as a practical nurse. After the accident she could not lift patients as she had previously done and needed the help of co-workers in lifting and moving patients. She was a woman 56 years of age and was trained as a licensed practical nurse; and had returned to her regular employment six months after the accident. She has worked continuously since that time.

Plaintiff offered no medical testimony to support her contention that her disability totally destroyed her earning capacity. On the other hand medical testimony was offered by defendant that she was not totally disabled.

In the case *Kmiotek v. Anast,* 350 Pa. 593, 29 A.2d 923, proof was held to be lacking to establish total impairment of

earning capacity. A like deficiency in the evidence in the present case requires the granting of a new trial on the question of damages only.

█ Since this case must be retried we feel compelled to dispose of the other question raised in this appeal, which relates to the manner of proving damages for partial impairment of earning capacity. Computing damages for a partial impairment of earning capacity is not determinable by any easy mathematical yard stick. Such damages may vary from day to day and depend on many factors. To permit a jury to make such a determination based on the certainty occasioned by total incapacity by accepting a percentage of the damages resulting from such totality is in our opinion too prejudicial to be permissible.

The judgment is reversed and a new trial awarded limited to the question of damages.

HOFFMAN and SPAETH, JJ., concur in the result.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.